## UNITED STATES v. PYRAMID AUTO SALES, Inc., et al.

### No. 39282.

District Court, E. D. New York.

July 28, 1943.

Harold M. Kennedy, U. S. Atty., of Brooklyn, N. Y., Samuel S. Isseks, Sp. Asst. to the Atty. Gen., and Herbert L. Abrons, and Robert A. Peattie, Sp. Attys., both of New York City, for plaintiff.

Weisman, Quinn, Allan & Spett, of New York City (Maurice Knapp, of New York City, of counsel), for defendants.

GALSTON, District Judge.

The indictment is in five counts. The first count charges a conspiracy, 18 U.S.C.A. § 88, and the remaining are substantive counts, each of which charges a violation of the Second War Powers Act, 1942, 50 U.S.C.A. Appendix, § 631 et seq., by the alleged transfer of a designated new commercial motor vehicle contrary to the provisions of War Production Board Order M-100.

A demurrer was interposed to the indictment, and this is a motion to sustain the demurrer, dismiss the indictment, or in the alternative, for an order requiring the Government to furnish a bill of particulars.

It is contended that General Order M-100 is invalid for indefiniteness and consequently cannot be made the basis of criminal prosecution. The particular criticism of the order is that it does not define the term "manufactured".

The Order recites that

"Whereas the fulfillment of requirements for the defense of the United States has resulted in a shortage in the supply of new

commercial motor vehicles for defense, for private use and for export, and it has now become necessary in the public interest, and to promote the national defense to ration or allocate such vehicles in the manner hereinafter provided: * * *

"(b) Restrictions on transfers of new commercial motor vehicles. On and after March 9, 1942, irrespective of the terms of any contract of sale or purchase, or of any other commitment, no person shall transfer or accept transfer of any new commercial motor vehicle, except pursuant to a certificate of transfer, or as is provided in paragraph (c) of this order, or as otherwise expressly ordered."

Order M-100 in question defines "new commercial vehicle" as one "which was manufactured subsequently to July 31, 1941, and either (I) has been driven less than one thousand miles, or (II) irrespective of mileage driven, has not been transferred except to a sales agency for the purpose of resale".

 I cannot find anything in this Order which is ambiguous. There is no question that the Order issued by the War Production Board lies within the framework of the statute; and no contention is made to the contrary. Certainly the Order cannot be held to be invalid because it fails to define a common term such as the word "manufactured". If this term is to be given any meaning other than that usually embraced in its connotation, something could be argued for the position taken by the defendant on this motion. But it is not understood that any such unusual meaning is claimed for the term. Moreover, the order does not seek to regulate the manufacture of trucks. It is an attempt to control the sale of such trucks as have been made or manufactured since July 31, 1941.

The defendant also attacks the indictment because it fails to allege that the motor vehicles forming the subject matter of the indictment had not been transferred to other than a sales agency for the purpose of re-sale. I can see no need for any such allegation. The defendants' argument in effect is that the Government should charge that the trucks were not secondhand or used trucks. It is sufficient for the indictment to allege that the trucks transferred by the defendants were "new". Everybody knows what "new" means, and the indictment need not allege a negative,

Seele v. United States, 8 Cir., 133 F.2d 1015.

The motion so far as it seeks to sustain the demurrer and to dismiss the indictment must therefore be denied. So far as the motion relates to a bill of particulars, the motion must also be denied. The indictment defines the sale of illicit trucks by giving their serial number, motor number, date of transfer and name of transferee, and alleges that all of those trucks were "new" as defined in Order M-100. It is not understood why the Government should be called upon to furnish the precise dates of manufacture, since all the trucks in question are those charged to have been manufactured after July 31, 1941.

Settle order on notice.