## BAUM v. SEGAL et al.
### No. 9836.

United States District Court
D. New Jersey.
April 5, 1950.

Minton & Dinsmore, Arthur S. Lane, Trenton, N. J., for plaintiff.

Carl Kisselman, Camden, N. J., for defendants.

MADDEN, District Judge.

This is an action for alleged breach of contract and resulting damages. Plaintiff, William A. Baum, doing business as William Baum Company, ordered automobile tubes from the defendants, Joseph Segal, George Simon and Bernard Fields, doing business as the S. S. Tire Service Company, by the following writing:

"Order No. 4651

| | |
|---|---|
| "For: | S & S Tire Service Corporation<br>1500 Broadway<br>Camden, N. J. |
| Merchandise: | 2000 (Two Thousand) new inner tubes (butyl) for passenger cars 600 x 16; Robbins or other recognized brand. |
| Price | $2.61 net each, free alongside steamer Philadelphia, Pa. |
| Packing: | Tubes in their individual little cartons, about six cartons to be packed in a seaworthy carton, iron strapped. |
| Shipment: | On the S./S. 'Mormacdawn' sailing on August 10th, 1946 from Philadelphia to Buenos Aires (via New York). August 9th would probably be the last loading day. |
| Marks: | Z. B.<br>Buenos Aires<br>Made in U.S.A.<br>No. 1/up |
| Confirmation: | Upon your confirmation tomorrow we shall give immediate instructions to have a domestic irrevocable letter of credit opened in your favor with payment against corresponding dock receipt and invoice (four copies). |

New York 6, N.Y., July 24, 1946.
William Baum Company
/s/ W. A. Baum
W. A. Baum, partner."

It is agreed that 2,000 tubes were delivered by defendants and paid for by plaintiff in conformity with the contract, but the alleged breach arose out of the question of quality of the tubes delivered.

The complaint filed herein in this particular respect alleges: "That in fact the said 330 cartons delivered by defendants on or about August 23, 1946, contained but 541 new inner tubes and a balance of 1457 tubes which were not new but which were patched or reconditioned."

The gist of the problem is: Under the order constituting the contract, was the

plaintiff to receive new tubes or was he to receive new tubes of first quality?

Plaintiff produced two witnesses besides himself, George Yosco and Daniel H. Bolk, who testified as experts concerning custom and usage in the trade. A digest of their testimony leads the court to the conclusion that when those specifically in the tire and tube business order tubes they normally specify firsts or seconds. This was not done in this instance. What was ordered were "new" tubes.

The depositions of Agustin Marisquirena, who examined the tubes as a cargo surveyor, taken before a U. S. Consul and introduced by plaintiff (P. 4 in evidence) have this to say concerning the condition of the tubes as they arrived at the point of destination, as shipped by plaintiff:

"Fourteenth Interrogatory: All tubes were new and unused but the major part of them had the factory brand erased and some had been patched up to cover factory defects."

"Fifteenth Interrogatory: Out of the contents of 94 boxes, 539 tubes were in accordance with the required condition and 23 tubes showed signs of having been reconditioned or repaired by the manufacturers. Out of the remaining 239 boxes some 50 percent to 60 percent of the tubes were patched and all these tubes had the factory brand erased."

An examination of the interrogatories of Stanley Robbins, manager of Plant No. 2, Robbins Tire and Rubber Company, Inc., the plant where the tubes were purchased by defendants for the purpose of filling this contract, discloses the following:

"Interrogatory No. 8: Some of the tubes had been patched, reinforced, and otherwise repaired because these tubes failed to pass company inspection and were repaired, reinforced and patched so as to conform to our manufacturing standards. These repairs were due to routine manufacturing imperfections and the repairs, patches or reinforcements were accomplished to remedy such imperfections.

"Interrogatory No. 10: Yes. They were known as new tubes. The actual strength of the tubes is greater than other tubes, and the only difference is in the appearance.

"Interrogatory No. 1: Yes. The difference in July, 1946 was 18 cents per tube for size 616. First line tubes sold for $1.94 per tube (size 616) and seconds sold for $1.76 (size 616) in July, 1946."

The answers to the interrogatories propounded to Glenn Taylor, Vice-President in charge of sales and distribution of the manufactured products of Robbins Tire and Rubber Company are the same as Stanley Robbins' answers to the same questions. Both these interrogatories were offered in evidence by defendants and became exhibit D-1.

Therefore, it appears, and I so find, that the plaintiff ordered new tubes and got new tubes but not first line or quality.

What is the meaning of "new"? Webster defines it as follows: "Having existed, or having been made, but a short time; having originated or occurred lately; not early or long in being; recent; fresh; modern; opposed to old."

Corpus Juris, 46 C.J., page 13, defines it as follows: "A relative term that has been defined as meaning not yet used or worn; now first used for some purpose; recently made; still unimpaired by use. In its ordinary acceptation the opposite of the term 'old'."

And Judge Galston in United States v. Pyramid Auto Sales, D. C., 50 F.Supp. 868–869, said: "The defendants' argument in effect is that the Government should charge that the trucks were not second hand or used trucks. It is sufficient for the indictment to allege that the trucks transferred by the defendants were 'new'. Everybody knows what 'new' means * * *."

Therefore, it appears that while the plaintiff may have intended that he purchase first grade or first line tubes, he got exactly what he contracted for, namely, new tubes and consequently no breach of contract occurred.

If breach had occurred, it is extremely doubtful under the applicable law of New Jersey that plaintiff could recover damages inasmuch as the tubes sold for more than

718

the price paid to defendants; but inasmuch as the court finds no breach occurred and this disposes of the matter, it will be unnecessary to discuss the other questions.

Prepare findings and an order in accordance herewith.